RALPH O. RUSH AND MARY RUSH, Appellants, *v.* NEVADA INDUSTRIAL COMMISSION; JOHN REISER; DONALD BREIGHNER; RICHARD PETTY; JOHN DOES I–X, INDIVIDUALS, Respondents.

No. 9058

July 3, 1978                                    580 P.2d 952

---

[2]The Chief Justice designated Hon. David Zenoff, Chief Justice (Retired), to sit in this case. Nev. Const., art. 6, § 19; SCR 244.

*John T. Coffin,* Reno, for Appellants.

*Riley Beckett,* Carson City, for Respondents.

**OPINION**

By the Court, Manoukian, J.:

On August 3, 1973, appellant, Ralph O. Rush, while employed as a mechanic, got metal shavings in his eye. Through his employer a claim was filed with the Nevada Industrial Commission, and appellant was sent to a Reno ophthalmologist. After several months of examination and treatment, the doctor informed the NIC on October 23 that he was able to detect a retinal detachment and that because no facilities for treatment existed in Reno, appellant would have to be referred to a larger medical center.

It was then the position of the NIC that it would not pay for such further treatment unless it was demonstrated that the medical condition was caused by the metal shavings involved in the industrial accident. In response to a request four months later, after further examination revealed that vision in the left eye could not be saved, an operation was performed to remove the eye and fit appellant with a prosthetic device.

On September 5, 1975, appellants filed suit for negligence, alleging that the tardiness of respondents in authorizing the specialized treatment proximately caused the eventual loss of appellant's eye. Respondents successfully moved to dismiss the complaint and this appeal ensued.

There are three issues before us: (1) Is a claimant under The Nevada Industrial Insurance Act precluded from pursuing a negligence action against the Nevada Industrial Commission; (2) are the actions of the NIC and its employees within the protection of governmental immunity; and (3) did the trial court err in striking causes of action alleging fraudulent behavior?

1. *Suit against the NIC.*

Below, appellants attempted to recover damages in a common law negligence action against the NIC in addition to receiving a NIC compensation award for disability. They cite NRS 616.560 as authority that actions may be maintained

against "some person, other than the employer or a person in the same employ." Appellants then contend that the NIC satisfies neither description and is thus a permissible defendant in a suit which alleges that negligent delay in authorization for specialized treatment resulted in the loss of his eyesight. We agree.

Appellant cites Nelson v. Union Wire Rope Corporation, 199 N.W.2d 769 (Ill. 1964); Fabricius v. Montgomery Elevator Company, 121 N.W.2d 361 (Iowa 1963); and Mays v. Liberty Mutual Insurance Company, 323 F.2d 174 (3rd Cir. 1963), for the proposition that a workman's compensation insurance carrier is distinguished from the workman's employer and thus a permissible defendant in a subsequent trial.

In *Nelson, supra,* although the Illinois Supreme Court interpreted Florida law to find a carrier was subject to suit, a Florida court subsequently rejected that analysis and interpreted the statute to confer immunity. Carroll v. Zurich Insurance Company, 286 S.2d 21 (Fla.App. 1973). After the *Fabricius* and *Mays* decisions, the respective legislatures amended the statutes to expressly grant immunity to carriers. *See,* Iowa Acts 1965 (61 G.A.) Ch. 107,§ 14 (repealed); Pa. Stat. Ann., Title 77, § 501 (supp. 1967). *See also,* Modjeski v. Atwell, Vogel & Sterling, Inc., 309 F.Supp. 199 (D. Minn. 1969), and Brown v. Travelers Insurance Company, 254 A.2d 27 (Pa. 1969).

Thus, in those cases, when immunity has not been expressly given by statute, such immunity was subsequently provided either through judicial interpretation or statutory amendment. We believe the better rule to be not an equation of the NIC with the employer but rather that the third party referred to in NRS 616.560 is one other than the employer and a co-employee, thus making the NIC a permissive defendant. Mager v. United Hospitals of Newark, 212 A.2d 664 (N.J. 1965). In Nevada, unlike New Jersey, the carrier is the Commission itself, but we are unpersuaded by this distinction, as the complaint here is not based upon the employer-employee relationship. *See,* Szydlowski v. General Motors Corp., 229 N.W. 2d 365 (Mich. 1975). Here, since Nevada's statutory scheme does not expressly equate the NIC with the employer and afford the concomitant protection from suit, we hold that respondents are not insulated through Chapter 616, the Nevada Industrial Insurance Act.

Had the Nevada Legislature contemplated that the Nevada Industrial Commission stand in the place and stead of the employer in administering workman's compensation benefits in this factual context and further contemplated employers rely solely on the NIC as a means of fulfilling their liabilities or responsibilities to employees, its intention would have been

plain and unambiguous. *Compare,* Public Service Commission of Nevada v. District Court, 94 Nev. 42, 574 P.2d 272 (1978); Schoonover v. Caudill, 337 P.2d 402 (N.M. 1959). Although the contention is persuasive, this should be made to the legislature and not this Court.

A "statute will not be construed as taking away a common law right existing at the time of its enactment unless that result is imperatively required," *Fabricius, supra,* 121 N.W.2d at 352, and we conclude our Legislature has not made such "imperatively required" in this instance.

2. *Sovereign Immunity.*

Are the NIC members and its employees insulated from suit by virtue of the doctrine of sovereign immunity? We find no necessity to discuss NRS 41.032[1] since it is apparent to this Court that the trial court summarily adjudicated the sovereign immunity issue and in doing so confused procedurally a motion to dismiss, NRCP 41(b), with a motion for summary judgment, NRCP 56. We find it appropriate to remand this issue and matter to the district court for further proceedings.

3. *Striking Causes of Action.*

Appellants alleged causes of action for punitive damages against respondents. The counts alleged that respondents were "guilty of fraud and oppression" and that their behavior was "characterized by fraud, malice, and oppression." Upon these allegations, appellants pray for exemplary damages.

The trial court dismissed both causes of action because the allegations of fraud had not been stated with particularity, a requirement of NRCP 9(b). While we concur with the trial court's conclusion, more fundamentally, we are constrained to cite NRS 41.035(1)[2] which here precludes the recovery of exemplary or punitive damages against any of the respondents.

---

[1]NRS 41.032 provides in part that no action may be brought against any state agency or its employees based on the performance or failure to perform a discretionary duty.

[2]NRS 41.035 provides that

(1) An award for damages in an action sounding in tort brought under NRS 41.031 or against a present or former officer or employee of the state or any political subdivision or any state legislator or former state legislator arising out of an act or omission within the scope of his public duties or employment may not exceed the sum of $35,000, exclusive of interest computed from the date of judgment, to or for the benefit of any claimant. *An award may not include any amount as exemplary or punitive damages.* (Emphasis supplied.)

Affirmed in part; reversed in part; and, remanded for further proceedings consistent herewith.

BATJER, C. J., and MOWBRAY and GUNDERSON, JJ., and HOYT, D. J.,[3] concur.