Henry **BRAGGS**, Plaintiff,

v.

Michael **LANE**, et al., Defendants.

No. 89 C 4243.

United States District Court, N.D. Illinois, E.D.

July 14, 1989.

Henry Braggs, pro se.

Gary M. Griffin, Asst. Atty. Gen., Neil F. Hartigan, Illinois Atty. Gen., Chicago, Ill., for defendants.

MEMORANDUM ORDER

SHADUR, District Judge.

Earlier this week Henry Braggs ("Braggs") moved for the appointment of

counsel to represent him in this in forma pauperis action brought under 42 U.S.C. § 1983 ("Section 1983") against Director of the Illinois Department of Corrections Michael Lane ("Lane") and three staff people (including Warden Jim Greer ("Greer")) at Menard Correctional Center ("Menard"), where Braggs is a prisoner.[1] After this Court had already dictated a draft of this opinion explaining why Braggs' motion had to be deferred and this action transferred, Lane, Greer and one of the other two defendants[2] tendered "Defendants' Motion for Change of Venue" to be presented on this Court's motion call July 19. This Court has now modified its draft opinion to reflect the latter motion and, for the reason stated in this memorandum order (and not for the erroneous reason advanced in defendants' motion), does indeed defer action on Braggs' motion and transfer this action.

Whenever this Court confronts a motion for leave to file in forma pauperis in any case assigned to its calendar, it immediately addresses the two-part inquiry such motions call for:

    1. whether plaintiff qualifies for such treatment in financial terms and

    2. whether the complaint is non-"frivolous" in the sense recently defined in *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

If both those questions call for an affirmative answer, this Court almost invariably appoints a lawyer to represent a pro se plaintiff, whether or not such appointment has been requested.

In this case that original analysis led to the conclusion that leave should in fact be given to file Braggs' Complaint without payment of the filing fee, but this Court did not take the next step of appointing a lawyer to represent Braggs. That did not at all reflect an adverse judgment as to the desirability of doing so, but rather the anticipated likelihood that the case would end up transferred to the United States District Court for the Southern District of Illinois, where it could and should have been filed:

    1. As already stated, Braggs is in custody in Menard, which is located in that judicial district; the events that form the subject matter of his Complaint occurred there; and all the defendants other than Lane almost certainly reside there.

    2. As for Lane, the only connection the case has to this judicial district at all is that although his principal office is in Springfield, he maintains a secondary office in Chicago.

Such a transfer being anticipated, this Court's view was that the transferee judge (who would then have the responsibility for handling the case) ought to be the one to decide whether counsel should be appointed.[3]

This Court's threshold reaction was that it was not in a position to reject the action for improper venue at the outset. True enough, 28 U.S.C. § 1391(b)[4]—applicable to a federal-question lawsuit such as this one—limits filing to "the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." Even though Braggs' claim clearly arose in the Southern District of Illinois, and even though there is no judicial district where *all* the named defendants reside,[5] Section 1392(a) eases that requirement by permitting any action against defendants who reside in different districts within the same state to be brought in any of those

---

**1.** Braggs' Complaint had been self-prepared on the form provided by this District Court's Clerk's Office for Section 1983 actions brought by pro se litigants.

**2.** Only the three moving defendants have requested representation by the Illinois Attorney General at this stage.

**3.** Moreover, had this Court made the appointment instead, any lawyer appointed in Chicago could hardly be expected to serve in the Southern District anyway.

**4.** All further references to Title 28's provisions will take the form "Section—." In each instance the numbering is sufficiently different from that of Section 1983 so that no confusion can result.

**5.** Lane's Springfield office situs (and very likely his home too, if that is instead the relevant fact for "residence" purposes) is in the Central District of Illinois—again outside of the presumed Southern District residence of the other three defendants.

districts. 1A–Pt. 2 *Moore's Federal Practice* ¶ 0.343[1], at 4191 (2d ed. 1989) (footnote omitted) explains that succinctly:

> For those states containing more than one district, subsection (a) of § 1392 makes an exception to § 1391 to provide for the situation where there are multiple defendants, in a transitory civil action, who reside in different districts of the same state. In such case plaintiff has a choice of venue of any one district of the state where any of the defendants reside.[6]

This Court was therefore initially prepared to consider the possibility, based on some existing case law (see generally 15 Wright, Miller & Cooper § 3805, at 38–40 & nn. 22 and 23 and 1A–Pt. 2 *Moore's* ¶ 0.342[5.–1–2], at 4102 & n. 27), that Lane might be viewed as "residing" in this district because of his satellite office here. For that reason this Court allowed the filing of Braggs' action here, based on the presumed interaction of Sections 1391(b) and 1392(a).

■■■ Braggs' current motion has caused this Court to take a fresh look at that latter question. Upon reconsideration, it determines that Lane should not in fact be considered as residing in this district for purposes of this action for two reasons:

1. Even if Lane might be considered to have more than one official residence for venue purposes under some circumstances, this action should not qualify in those terms. For that purpose this Court would find persuasive the approach articulated in *Cheeseman v. Carey*, 485 F.Supp. 203, 207 (S.D.N.Y.), remanded on other grounds, 623 F.2d 1387 (2d Cir.1980):

> Whether a state defendant has a second official residence would seem to turn on three factors: (1) the defendant's presence in the district in which the plaintiff has sued; (2) the extent of defendant's official activities in the district; and (3) the relationship of the defendant's activities within the district to the cause of action asserted.

Clearly this lawsuit lacks any adequate connection to the Northern District of Illinois under that analysis—even apart from the perhaps questionable application of the first two factors, the third is totally nonexistent.

2. By definition a Section 1983 action does *not* lie against a state official such as Lane in his "official" capacity (*Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 2311–12, 105 L.Ed.2d 45 (1989)). Instead damages in this action are recoverable from Lane, if at all, only in his *individual* capacity. That being the case, far less reason appears for indulging the fiction that the official's residence for venue purposes can embrace any of several locations where he or she may have satellite offices (see cases to that effect cited in 1A–Pt. 2 *Moore's* ¶ 0.342[5.–1–2], at 4102 n. 27; and cf. *Lightner v. Tremont Auto Auction, Inc.*, 564 F.Supp. 1112, 1117 (N.D.Ill.1983) (applying the same analysis to *federal* officials sued in their individual capacities)).

Under the circumstances, this Court's sua sponte reconsideration has produced the conclusion that what should have been done here was simply to grant leave to file

---

**6.** Defendants' motion has missed Section 1392(a) entirely. For that reason defendants are simply wrong in stating, if Braggs' designation of Lane's Chicago office is his relevant "residence" (Motion ¶ 8):

> Venue would not be proper in the Northern District of Illinois. All the defendants do not reside in the Northern District of Illinois and the claim did not arise in the Northern District of Illinois. Accordingly, defendants hereby state that venue is not proper in the Northern District of Illinois.

Defendants are also wrong in invoking Section 1404(a) as a basis for transfer rather than Section 1406—the first of those provisions applies where an action has been brought in a proper venue (something defendants claim was not true here), while the second deals with actions brought in the wrong place to begin with (15 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3827, at 263–64 (2d ed. 1986)). Thus although defendants ultimately get the relief they seek, they do so in spite of themselves—not because their own two wrongs make a right, but rather for the reasons dealt with hereafter in the text.

in forma pauperis conditionally (by reason of Braggs' choice of an improper venue for his action), then immediately to transfer the case to the United States District Court for the Southern District of Illinois under Section 1406. It is not too late to do that, and such transfer is ordered now, with the Clerk of this District Court ordered to implement the transfer forthwith (see this District Court's General Rule 30(b)). Braggs' motion for appointment of counsel can then be considered by the transferee judge in that district.