NORTHERN NEVADA ASSOCIATION OF INJURED WORKERS, RONALD MOORE, TONYA MOORE, ELMER SCOTT, DAVID COX, JUAN HERNANDEZ, MARK PELTIER, MARGARET A. VIERRA AND LAWRENCE ADAMSON, APPELLANTS, v. NEVADA STATE INDUSTRIAL INSURANCE SYSTEM, LAURY M. LEWIS, MATHEW DORANGRICCHIA, MARYANN ELORREAGA AND DEBORAH WEAVER, RESPONDENTS.

No. 20704

March 7, 1991                                      807 P.2d 728

*Victor R. Cook,* Reno, for Appellants.

*R. Scott Young,* General Counsel, State Industrial Insurance System, Carson City, for Respondents.

# OPINION

*Per Curiam:*

Appellants sued respondents State Industrial Insurance System (SIIS) and certain individual SIIS employees (employees) for negligence and bad faith in the processing of appellants' claims, and for deprivation of their civil rights. The district court granted respondents' NRCP 12(b)(1) and (5) motion to dismiss for lack of subject matter jurisdiction and a failure to state a claim upon which relief can be granted.

The district court's order of dismissal was premised on four conclusions: (1) SIIS's immunity as a state agency; (2) the discretionary nature of SIIS's conduct; (3) the inapplicability of 42 U.S.C. §§ 1983 and 1985 to respondents; and (4) the insufficiency of factual allegations in appellants' amended complaint to support its contentions.

For the reasons discussed below, we hold that it was error to dismiss appellants' amended complaint.

## Facts and Procedural Background

Accepting, as we must, the truth of appellants' factual allegations, Haertel v. Sonshine Carpet Co., 102 Nev. 614, 730 P.2d 428 (1986), appellant Ronald Moore (Moore) was injured by a dynamite explosion while working for Marshall Earth Resources, Inc. He suffered a fractured skull, injuries to his neck and back, and severe mental disorientation.[1]

Moore received benefits under the Nevada Industrial Insurance Act and in due course SIIS advised Moore by letter dated July 6, 1988 that it would close his file. On September 1, 1988, Moore's attorney wrote a letter to SIIS advising the System that Moore's condition had worsened. The attorney asked SIIS to reopen Moore's file; SIIS refused.

On December 27, 1988, a hearing officer reversed SIIS and remanded the file for reopening. SIIS neither appealed the hearing officer's determination nor reopened the file.

On March 13, 1989, M.H. Duxbury, M.D., wrote a letter to SIIS alerting the system that Moore required immediate care resulting from a work-related accident. Dr. Duxbury stated that the possibility of Moore having a stroke or heart attack was great. On the same day, appellants filed a complaint in district court alleging that respondents negligently and maliciously processed workers' compensation claims, and violated their civil rights

---

[1]In disposing of this appeal we have found it unnecessary to address facts pertaining to the remaining appellants.

secured by 42 U.S.C. §§ 1983 and 1985.[2] Shortly thereafter, appellants filed, and the district court granted, an application for a writ of mandamus. The writ ordered SIIS to comply with the hearing officer's determination of December 27, 1988.

Appellants filed their amended complaint on April 4, 1989, which named additional plaintiffs and defendants, and alleged further instances of breach of duty by the defendants. In response, respondents filed a 12(b) motion to dismiss the amended complaint. The grounds for the motion were that the district court lacked subject matter jurisdiction, appellants' complaint failed to state a claim upon which relief could be granted, and the prerequisites for a class action had not been met.[3] Appellants opposed the motion and in the alternative sought leave to amend.

The district court granted respondents' motion to dismiss on December 5, 1989, finding that (1) SIIS was a state agency; (2) the conduct complained of was discretionary within the scope of NRS 41.032; (3) the amended complaint failed to state a claim upon which relief could be granted under the federal civil rights statutes;[4] and (4) the amended complaint failed to disclose factual allegations sufficient to support its conclusions. This appeal followed.

## Discussion

We initially consider whether there is a cause of action in Nevada against SIIS and its employees for negligent or malicious claims processing.

In Rush v. Nevada Indus. Comm'n, 94 Nev. 403, 580 P.2d 952 (1978), a claimant attempted to sue the Nevada Industrial Commission (NIC) for money and punitive damages.[5] The claimant

---

[2]Appellants prayed for money damages, injunctive relief, attorney's fees and costs. Moreover, the complaint alleges violations of 42 U.S.C. § 1985(2). Appellants concede they inadvertently cited to subsection (2) when they intended and made out a cause of action under subsection (3).

[3]We do not address this issue and express no opinion concerning it because the district court did not rule on the issue in its order of dismissal.

[4]Prior to the district court's ruling on the motion to dismiss, appellants responsibly directed the court's attention to the United States Supreme Court decision in Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304 (1989). The *Will* decision conclusively holds that neither states nor state officials acting in their official capacities may be sued under 42 U.S.C. §§ 1983 and 1985 in state courts. *Id.* 109 S.Ct. at 2312.

[5]Appellants in the present case also prayed for punitive damages. As we held in *Rush*, punitive damages are unavailable in actions of this nature. *Rush*, 94 Nev. at 407, 580 P.2d at 954, construing NRS 41.035(1) ("[a]n award may not include any amount as exemplary or punitive damages").

argued NIC's delay in approving specialized treatment proximately caused the eventual loss of his eye. *Id.* at 405, 580 P.2d at 953. We held that claimant could sue NIC because "the third party referred to in NRS 616.560 is one other than the employer and a co-employee, thus making NIC a permissive defendant." *Id.* at 406, 580 P.2d at 953.

Despite respondents' contentions to the contrary, *Rush* is still good law. The legislature presumably knew the law when it most recently amended the workers' compensation statute. *See* City of Boulder v. General Sales Drivers, 101 Nev. 117, 694 P.2d 498 (1985). The statutory language considered by this court in *Rush* has remained unchanged and thus it is presumed that the legislature approves of our interpretation of the provision. Nevada Indus. Comm'n v. Strange, 84 Nev. 153, 158, 437 P.2d 873, 876 (1968). Respondents are therefore not insulated by the Nevada Industrial Insurance Act from liability arising from a common law negligence claim. *Rush,* 94 Nev. at 406, 580 P.2d at 953.

We must next decide whether respondents are immune from liability for the misconduct alleged in appellants' complaint. In addressing this issue, it is necessary to consider the language of the relevant statute, NRS 41.032.[6] Under the terms of the statute, respondents may successfully invoke immunity if SIIS is a state agency and the acts described in the complaint are of a discretionary nature.

SIIS is clearly a state agency for the following reasons: (1) it is subject to the approval and control of the Governor, the legislature, and other agencies of the government;[7] (2) it is treated as the

---

[6]NRS 41.032 provides:

Except as provided in NRS 278.0233 no action may be brought under NRS 41.031 [waiver of immunity] or against an immune contractor or an officer or employee of the state or any of its agencies or political subdivisions which is:
  1. Based upon an act or omission of an officer, employee or immune contractor, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation is valid, if the statute or regulation has not been declared invalid by a court of competent jurisdiction; or
  2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused.

[7]NRS 353.210 (SIIS operates on money designated in the Nevada Constitution for the purpose of providing compensation for industrial accidents,

State or a state agency throughout the Nevada Revised Statutes;[8] and (3) it possesses certain powers of a sovereign authority.[9] Therefore, the discretionary acts of SIIS and its employees are not actionable.

In analyzing respondents' entitlement to immunity under the statute, it is necessary to determine whether the acts alleged in appellants' amended complaint are properly categorized as discretionary. SIIS and its employees do exercise discretion when processing worker's compensation claims. When SIIS receives a claim it must determine whether: (1) the worker is covered by the act;[10] (2) there was an accident arising out of and in the course of employment;[11] and (3) claimants' disability is permanent and total, permanent and partial, temporary and total, or temporary and partial.[12] These determinations all involve discretion, and thus SIIS, its officials and employees are immune from liability for making such determinations.

The time provisions within which SIIS must either accept or deny responsibility, however, are not discretionary. NRS 616.500(7) provides:

> The insurer must either accept or deny responsibility for compensation under this chapter or chapter 617 of NRS within 30 days after the notice provided for in this section is received. If additional information is necessary to determine

occupational diseases, and administrative expenses related thereto); NRS 616.1701(2); NRS 616.180; NRS 616.380(3)(a), (b)(2), (c) and (d) (3); NRS 616.440; NRS 616.460; NRS 616.497-616.499 (authorizations for and limitations on SIIS investment activities).

[8]NRS 218.610; NRS 233B.031; NRS 286.070(2); NRS 616.1725(2); NRS 616.1805(1).

[9]*See* NRS 616.1725(9), NRS 616.192(3), NRS 616.252(3), NRS 616.380(1)(b), NRS 616.383(3). The foregoing statutes authorize SIIS to adopt regulations that have the force of law. NRS 233B.040(1).

[10]*See* NRS 616.045 (compensation defined); NRS 616.505 (application for death benefits); NRS 616.055-616.088 (definitions of employees and those persons excluded from the act); NRS 616.105 (independent contractor defined); NRS 616.110 (injury and personal injury defined); NRS 616.114 (sole proprietor defined); NRS 616.115 (subcontractor defined); NRS 616.260 (provisions dealing with out-of-state workers); NRS 616.510 (persons conclusively presumed totally dependent on injured employee).

[11]*See* NRS 616.270 (Nevada Industrial Insurance Act provides compensation for accidental personal injuries arising out of and in the course of employment).

[12]*See* NRS 616.570-616.6285 (level of disability and compensation benefits resulting from injury or death).

> liability, the insurer may extend the period to 60 days upon notice to the claimant if the administrator approves. If additional information is still necessary, the insurer may grant a further extension if the administrator approves and the claimant gives his written consent, but the total period may not be extended to more than 90 days.

Meeting the thirty, sixty and ninety-day deadlines is a mandatory duty imposed upon SIIS by the legislature. Mandatory duties fall within the operational sphere of duties and involve little or no discretion; NRS 41.032 immunity does not extend to such acts. Crucil v. Carson City, 95 Nev. 583, 600 P.2d 216 (1979).

Appellants allege that SIIS and its employees failed to timely process appellants' claims. If appellants were harmed by respondents' failure to meet the deadlines set forth in NRS 616.500(7), they are entitled to pursue their causes of action against respondents under that theory.

Moreover, there was no aspect of discretion involved in refusing or failing to reopen Moore's file. When SIIS failed to appeal the hearing officer's determination, it was left with an operational duty to promptly reopen Moore's file. *See* SIIS v. Partlow-Hursh, 101 Nev. 122, 696 P.2d 462 (1985) (time periods set to appeal a hearing officer's determination are jurisdictional and mandatory; failure to comply with the time limits cannot be excused).

Upon remand, the district court must differentiate between allegations of misconduct based upon their discretionary or operational nature. Only purely discretionary acts are cloaked with immunity. *Crucil,* 95 Nev. at 585, 600 P.2d 218.

To the extent appellants seek to recover money damages under 42 U.S.C. §§ 1983 and 1985 from SIIS, the complaint fails to state an actionable claim. The United States Supreme Court has held that neither states nor their officials acting in their official capacities are persons under 42 U.S.C. § 1983 and therefore neither may be sued in state courts under the federal civil rights statutes. Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311-12 (1989). The same is true for claims under § 1985. Santiago v. NYS Dept. of Correctional Services, 725 F.Supp. 780 (S.D.N.Y. 1989), Rode v. Dellarciprete, 617 F.Supp. 721 (D.C.Pa. 1985). Because SIIS is a state agency, appellants' cause of action has failed to state a claim under the federal civil rights statutes against SIIS. The same must be said for SIIS's officers and employees to the extent the cause of action seeks to impose liability for actions properly attributable to

their official capacities. The amended complaint also sued SIIS officials and employees for actions engaged in outside their official capacities. Indeed, allegations of conspiracy, civil rights violations, interference with claimants' rights to seek medical and legal help are hardly descriptive of acts that may be rationally included within the prerogatives of an employee's official capacity. We agree with those courts that have concluded that *Will* does not prohibit claims against officials acting in an individual capacity. *See* Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 n.2 (2nd Cir. 1989) (damages available under *Will* against state official sued in individual capacity); Gutierrez-Rodriquez v. Cartagena, 882 F.2d 553, 567 n.10 (1st Cir. 1989) (same ruling); Jones v. State of Rhode Island, 724 F.Supp. 25, 29 (D.R.I. 1989) (same ruling); Cross v. Meisel, 720 F.Supp. 486, 488 n.3 (E.D.Pa. 1989) (same ruling); Braggs v. Lane, 717 F.Supp. 609, 611 (N.D.Ill. 1989) (§ 1983 action sustainable under *Will* against official in individual capacity); Harrington v. Schossow, 457 N.W.2d 583, 586-87 (Iowa 1990) (same ruling). *See also* Nahmod, Civil Rights and Civil Liberties Litigation § 6.20 (1986 and Supp. 1990).[13]

For reasons previously discussed, we are not able to conclude on this record that appellants failed to state a claim against the individual employees. Upon remand, the district court will have to differentiate between allegations within and without the respondent employees' official capacities in order to determine whether an action may be sustainable against them.

Appellants also sought injunctive relief. The *Will* court held

---

[13]The *Will* decision supplies a basis for some confusion or uncertainty in that it concludes at one point that a suit against a state official *"in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will,* 109 S.Ct. at 2311. Later, the Court holds that "neither a State nor its officials *acting in their official capacities* are 'persons' under § 1983." *Id.* at 2312. It would appear, inasmuch as the *Will* Court did not countenance an interpretation of § 1983 that would permit circumventing "congressional intent by a mere pleading device," *id.* at 2311, that the Court would look to the substance of the allegations of a pleading to determine whether the actions complained of were of a nature properly attributable to conduct within the scope of an official's capacities. Thus, the style of the caption of a complaint should not be determinative as to whether a state official has been sued in his or her official or individual capacity. This interpretation of the Court's ruling is consistent with the Court's opinion in Scheuer v. Rhodes, 416 U.S. 232 (1974). In reversing the district court's dismissal of complaints alleging § 1983 violations against state officials for the death of students killed at Kent State University, the Court carefully scrutinized the language of the complaints and concluded that the allegations contained therein described acts by the defendants that were either outside the scope of their authority or engaged in "in an arbitrary manner, grossly abusing the lawful powers of office." *Id.* at 235.

that injunctive relief against state officials acting within their official capacities is available under 42 U.S.C. § 1983.[14] Therefore, appellants did state a cause of action for injunctive relief under the federal civil rights statutes.

The district court also dismissed the action below on the ground that the amended complaint did not provide respondents with adequate notice of the nature of the claims and relief sought against them. The amended complaint contains seventeen allegations of conspiracy, civil rights violations, bias, negligence, and interference with appellants' pursuit of medical and legal help.

We conclude from our review of the record that the amended complaint gives respondents sufficient notice of the nature of the claims and relief sought. Moreover, if respondents are truly perplexed by any aspect of appellants' amended complaint, they may obtain further specificity by filing a motion for a more definite statement under NRCP 12(e) or simply deny allegations of uncertain meaning under NRCP 8(b). *See* Mays v. District Court, 105 Nev. 60, 768 P.2d 877 (1989).

For the reasons stated above, the order of dismissal entered below was erroneously granted with the exception of the dismissal favoring SIIS on the federal civil rights claims. We therefore reverse and remand for further proceedings.

---

[14]In *Will,* the Court stated "of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the state.'" *Will,* 491 U.S. at 71 n. 10, 109 S.Ct. at 2311 n.10 (citations omitted).