990 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vernon L. WILLIAMS, Plaintiff-Appellant,
v.
STATE INDUSTRIAL INSURANCE SYSTEM, Laury M. Lewis,
Individually and as Manager of the State
Industrial Insurance System, Defendants-Appellees.
 No. 92-16002.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vernon L. Williams appeals pro se the district court's denial of his Fed.R.Civ.P. 60(b) motion to vacate the order dismissing his action against Nevada State Industrial Insurance System (SIIS) and Laury M. Lewis, its former general manager. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's denial of Williams' Rule 60(b) motion for abuse of discretion. Plotkin v. Pacific Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir.1982). We similarly review the district court's denial of leave to amend for abuse of discretion. Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991).
 
 
 4
 A party bringing a motion for reconsideration under Rule 60(b) must show: (1) mistake, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud or other misconduct, (4) a void judgment, (5) a satisfied or discharged judgment, or (6) any other reason justifying relief from operation of judgment. Fed.R.Civ.P. 60(b); Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Only extraordinary circumstances justify relief under subsection (6). Backlund, 778 F.2d at 1388.
 
 
 5
 This action stems from SIIS' denial of Williams' worker's compensation claim, filed in 1972, alleging he inhaled poisonous gas while he was employed as a waiter at the Desert Inn Hotel in Las Vegas.[1] Williams filed a complaint against defendants in federal district court on June 2, 1987. The district court granted summary judgment for defendants on the ground that the prior state court actions barred Williams from relitigating the claim in federal court pursuant to the doctrine of res judicata. Judgment dismissing the action was entered on October 26, 1987. Williams then filed a Motion to Reconsider and a Motion to Vacate Judgment. The district court denied those motions and amended the judgment on January 5, 1988 to grant attorneys fees for defendants. Williams appealed the October 26, 1987 and January 5, 1988 judgments. On June 19, 1989, this court affirmed the district court judgments. See Williams v. State Indus. Ins. Sys., No. 88-1689 (unpublished memorandum decision) (9th Cir. June 19, 1989). Williams filed a motion to vacate the judgment with this court in July, 1989, which we treated as a petition for rehearing and denied on February 5, 1990.
 
 
 6
 In December, 1991, Williams returned to the district court and filed a motion to vacate the original judgment. The district court denied the motion on February 6, 1992. On February 19, 1992, Williams moved the district court to reconsider the order denying the motion to vacate, and on March 13, 1992, Williams filed a motion to vacate the order dismissing the 1987 complaint pursuant to Rule 60(b)(5) and 60(b)(6) and seeking leave to amend pursuant to Rule 15(a). The district court denied both of these motions on May 4, 1992. Williams appealed both the February 6, 1992 and the May 4, 1992 orders to this court on June 1, 1992. We do not have jurisdiction to consider his appeal of the February 6, 1992 order, however, because his notice of appeal was untimely as to that order. See Fed.R.App.P. 4(a)(1).
 
 
 7
 Williams contends the district court erred by refusing to vacate its earlier judgment pursuant to Rule 60(b)(5) and 60(b)(6). Specifically, he maintains the district court abused its discretion by failing to apply Northern Nev. Ass'n of Injured Workers v. Nevada State Indus. Ins. Sys., 807 P.2d 728 (Nev.1991), a recent decision of the Nevada Supreme Court.[2] We have stated, however, that "a change in the applicable law after a judgment has become final in all respects is not a sufficient basis for vacating the judgment." Tomlin v. McDaniel, 865 F.2d 209, 210 (9th Cir.1989). Thus, the district court did not err by denying Williams' motion to vacate the judgment.[3] In addition, the district court clearly did not abuse its discretion by failing to grant Williams leave to amend five years after the original complaint was filed and after the court entered final judgment. See Schlacter-Jones, 936 F.2d at 443.[4]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Nevada Industrial Commission (NIC) (the predecessor to SIIS) denied Williams' claim for compensation on the ground that he failed to establish his respiratory ailment was in any way related to his employment at the Desert Inn. Williams filed a petition for review in Nevada district court. The district court ordered NIC to pay Williams' benefits. The Nevada Supreme Court reversed the lower court and reinstated the NIC's decision not to award Williams benefits. See Nevada Indus. Comm'n v. Williams, 541 P.2d 905 (Nev.1975). From 1976 through 1981, Williams attempted to overturn the state supreme court ruling by means of various motions. All of these motions were ultimately denied. Beginning in 1977, Williams sought relief in federal court. Since then, he has filed six actions in federal district court and an equal number of appeals or petitions in appellate courts, none of which has been successful
 
 
 [2]
 This case held that the statutory ninety day time limit required by Nev.Rev.Stat. 616.500(7) is mandatory. See 807 P.2d at 731. Williams maintains that SIIS failed to accept or deny his worker's compensation claim within that time
 
 
 [3]
 Williams also contends that the district court lacked jurisdiction over the summary judgment proceedings, apparently on the ground that the district court did not accord Williams a hearing on the motion for summary judgment pursuant to Rule 56(c). An appeal from a denial of a Rule 60(b) motion, however, brings up only the denial of the motion for review. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). We have no jurisdiction to consider the merits of the underlying judgment. Id. Thus, we need not address this argument
 
 
 [4]
 We deny petitioner's motion to strike the appellees' brief and addendum