Maupin, J.,
with whom Douglas, J., agrees, dissenting:
In my view, a proper construction of NRS 41A.071, a statute in derogation of the common law, compels a result opposite to that reached today by the majority.
NRS 41A.071 provides as follows:
If an action for medical malpractice or dental malpractice is filed in the district court, the district court shall dismiss the action, without prejudice, if the action is filed without an affidavit, supporting the allegations contained in the action, submitted by a medical expert who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged malpractice.
NRS 41A.071 does not state that a complaint filed in violation of it is void; rather, it requires the district court to dismiss the action when such violations are identified. This renders the noncompliant *1308 complaint voidable and still pending until dismissed. Under our decision in Borger v. District Court,[1] the district court could not, upon a motion to dismiss a complaint, grant leave to amend a complaint with no affidavit. That said, Ms. Barker brought the complaint into compliance prior to the motion to dismiss and the ultimate ruling upon it. Certainly, under NRCP 15(a), Barker was permitted to file the amended complaint anytime before service of a responsive pleading which, under NRCP 15(c), related back to supersede the original filing for purposes of the rules of pleading and for statute of limitation purposes.[2] Accordingly, the amendment of the complaint cured the defect in compliance with NRS 41A.071. Thus, our dictum in Borger does not apply because, as of the application to dismiss this action, the complaint was in compliance. The relation back of the amended complaint rendered that compliance effective as of the date of the original complaint.
If the Legislature wanted to make such filings void, or provide that such filings would not toll the applicable statute of limitations, it could have done so. While one could reasonably conclude that the Legislature never intended that a complaint filed in violation of NRS 41A.071 could toll prescriptive time periods, the medical malpractice legislation at issue here was enacted in derogation of the common law. Thus, the Legislature’s failure to expressly provide that such filings are either void or are ineffective to toll the applicable limitation periods compels the result I suggest we should obtain here.[3] Absent such express provisos, this piece of legislation must give way to our procedural rules governing the amendment of pleadings.[4]
In light of the above, I would deny the petition.

 120 Nev. 1021, 1029, 102 P.3d 600, 606 (2004).

 A motion to dismiss is not a responsive pleading under NRCP 15.

 See Rush v. Nevada Industrial Commission, 94 Nev. 403, 407, 580 P.2d 952, 954 (1978) (noting that this court will not construe a statute as taking away a common-law right at the time of enactment “ ‘unless that result is imperatively required’ ” (quoting Fabricius v. Montgomery Elevator Company, 121 N.W.2d 361, 362 (Iowa 1963))); Orr Ditch Co. v. Dist. Ct., 64 Nev. 138, 164, 178 P.2d 558, 571 (1947) (stating that unless intention to alter is clearly expressed, there is a presumption that lawmakers did not intend to abrogate the common law).

 See State v. Dist. Ct., 116 Nev. 953, 959, 11 P.3d 1209, 1213 (2000).