DEE E. HICKMAN, APPELLANT, *v.* MEADOW WOOD RENO, RESPONDENT.

No. 10696

October 16, 1980                    617 P.2d 871

*Harry A. Busscher,* Reno, for Appellant.

*Sanford, Sanford & McGee;* and *Leggett & Hamilton,* Reno, for Respondent.

## OPINION

By the Court, HUFFAKER, D. J.:[1]

The trial court entered summary judgment in favor of respondent Meadow Wood Reno, and certified the judgment as final. NRCP 54(b). Appellant, plaintiff below, takes this appeal, contending that the judgment should not have been entered. The trial court's judgment is affirmed.

Appellant's complaint alleged that a security officer, assigned to guard an apartment complex owned by respondent, had assaulted and battered plaintiff. Appellant claimed that he was asleep in his automobile at the Meadow Wood complex when the security guard opened the door and struck him on the head and back. Meadow Wood disclaimed liability on the ground that the security officer was not its employee.

Respondent Meadow Wood served requests for admissions upon its co-defendant, Neilsen Detective Agency, Inc., and determined that there was an agreement in effect at the time of the alleged assault in which Neilsen, allegedly as an independent contractor, had agreed to furnish security services to respondent. Meadow Wood unsuccessfully moved for summary judgment. Subsequently Meadow Wood served requests for admissions and interrogatories upon appellant, seeking to determine the basis for appellant's claim that the security officer was an employee of Meadow Wood. Appellant obtained an extension of time to respond to the request for admissions, and

---

[1]The Governor designated the Honorable Stephen L. Huffaker, Judge of the Eighth Judicial District Court, to sit in place of JUSTICE GORDON THOMPSON who voluntarily disqualified himself. Nev. Const., art. 6, § 4.

within the additional time provided, denied all requests for admissions and answered the interrogatories.

Meadow Wood again urged its motion for summary judgment. Respondent claimed, *inter alia,* that the answers to interrogatories submitted by appellant did not meet the requirements of NRCP 56(e) that a motion for summary judgment must rest upon affidavits which "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The trial court allowed appellant an additional ten days to reply to respondent's pending motion by way of affidavit. Appellant's sole response was to request additional time to contact "several important witnesses."

Appellant's argument that the summary judgment was entered erroneously is without merit.

This court has written:

> The rule is well-settled that the opposing party is not entitled to have the motion for summary judgment denied on the mere hope that at trial he will be able to discredit movant's evidence; he must at the hearing be able to point out to the court something indicating the existence of a triable issue of fact. [Citation omitted.] The opponent is required to set forth specific facts showing that there is a genuine issue for trial. [Citations omitted.] Taking into consideration that inferences will be drawn in favor of the party opposing the motion the opponent must nevertheless show he can produce evidence at the trial to support his claim. [Citations omitted.]

Thomas v. Bokelman, 86 Nev. 10, 14, 462 P.2d 1020, 1022–23 (1970). Appellant failed to demonstrate to the trial court that a genuine issue of material fact remained to be tried. It was not error for the trial court to enter summary judgment without further delay.

Affirmed.

MOWBRAY, C. J., and MANOUKIAN and BATJER, JJ., and ZENOFF, SR. J.,[2] concur.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in this case in place of JUSTICE E. M. GUNDERSON. Nev. Const. art. 6, § 19; SCR 10.