MARLENE MICHAELS, Appellant, *v.* KENNETH SUDECK, Individually and as Administrator of the Estate of ROSE SUDECK; DOVE INVESTMENTS, a Nevada Limited Partnership; DOVE ENTERPRISES, a Nevada Corporation; and JEROME PASTOR as General Partner of Dove Investments, Respondents.

No. 21014

May 9, 1991                                                   810 P.2d 1212

[Rehearing denied August 28, 1991]

*Gentile, Porter & Kelesis* and *Mark S. Dzarnoski,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment entered against appellant, who filed an action on December 18, 1988, in order to rescind or dissolve Dove Investments (hereinafter, Dove), a Nevada limited partnership. Kenneth Sudeck, Rose Sudeck, Dove Enterprises and Marlene Michaels are Dove's limited partners. Kenneth and Rose Sudeck were also husband and wife. Dove Enterprises and Jerome Pastor, general partner of Dove Investments, are named only as nominal parties in the original complaint whose interests may be affected by the eventual outcome. Jerome Pastor was also the lawyer and accountant for Ms. Michaels and the Sudecks.

The verified complaint alleges misconduct by limited partner Kenneth Sudeck. Marlene Michaels claims that Kenneth Sudeck coerced Ms. Michaels into executing the Dove limited partnership agreement on January 1, 1987. This allegedly was accomplished by Mr. Sudeck through threats of blackmail that he would expose the sexual relationship between Rose Sudeck and Marlene Michaels to the Sudeck children. Kenneth and Rose Sudeck were

334

husband and wife, although Rose Sudeck lived with Marlene Michaels during this period. Ms. Michaels also alleges incapacity to execute the Dove limited partnership agreement through Mr. Sudeck's steady supply of cocaine on demand to Ms. Michaels via Rose Sudeck. Rose Sudeck died on November 5, 1987. Ms. Michaels claims furthermore that Mr. Sudeck wrongfully destroyed a Rose Sudeck will which made Ms. Michaels a $2,000,000 beneficiary. The district court granted summary judgment without opinion in favor of respondent Sudeck.

Properly supported factual allegations and all reasonable inferences of the party opposing summary judgment must be accepted as true. Wiltsie v. Baby Grand Corp., 105 Nev. 291, 292, 774 P.2d 432, 433 (1989). However, conclusory statements along with general allegations do not create an issue of material fact. Bird v. Casa Royale West, 97 Nev. 67, 71, 624 P.2d 17, 19 (1981); Bond v. Stardust, Inc., 82 Nev. 47, 50, 410 P.2d 472, 473 (1966).

The opposing party must be able to point out to the court something indicating the existence of a triable issue of fact. Hickman v. Meadow Wood Reno, 96 Nev. 782, 784, 617 P.2d 871, 872 (1980) (citing Thomas v. Bokelman, 86 Nev. 10, 14, 462 P.2d 1020, 1022-23 (1970)). The party opposing such a motion must set forth *specific* facts showing there is a genuine issue for trial. Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 415, 633 P.2d 1220, 1221 (1981) (emphasis added); NRCP 56(c). The opposing party is not entitled to have summary judgment denied "on the mere hope that at trial he [she] will be able to discredit the movant's evidence . . . ." *Hickman,* 96 Nev. at 784, 617 P.2d at 872 [citation omitted].

At oral argument, Ms. Michaels acknowledged that the district court did not err in granting summary judgment on Ms. Michaels' claims of coercion and incapacity relating to the execution of the limited partnership agreement or the improper destruction of a valid prior will. Ms. Michaels conceded that no evidence was presented to the district court on these claims and that summary judgment was therefore inevitable and proper. Our review of the record leads us to the same conclusion.

While conceding that there was no credible evidence to establish coercion, incapacity or destruction of a valid prior will, Michaels contends that two factual issues were present that should have prevented the granting of complete summary judg-

ment to Sudeck. Both issues are brought into question by the alleged improper distributions made by the general partner, Pastor. These issues are whether there was a misrepresentation of the capital accounts by Pastor and how distributions should be made. Michaels made a motion to amend her complaint to include some of these factual allegations and requesting an accounting from the general partner. The district court referred this motion to another district court where a second suit between Michaels and Pastor was pending. We have no further information on the outcome of that motion and accordingly do not address the request for an accounting.

A second limited partnership agreement was produced during discovery which bore the same date as the one Michaels mentioned in her verified complaint, but this second partnership agreement listed Dove Enterprises, Inc. as the sole limited partner. It was signed by Pastor as general partner and as President of Dove Enterprises, Inc. A few provisions of the second agreement were different from the first. For example, the second lists Dove Enterprises, Inc., the only partner, as having made a $2,500,000 capital contribution and with a 100 percent partnership interest. Pastor explained that the second limited partnership agreement was discarded because it was determined that tax consequences required the individuals to be the limited partners and not simply shareholders in Dove Enterprises, Inc.

Michaels now alleges that the presence of this second agreement alone presents a question of fact as to the misrepresentation of capital accounts. However, Michaels herself presented no sworn or verified statement to the court indicating that she was fraudulently induced to execute the limited partnership agreement she sued upon rather than the newly discovered agreement. Again, a party opposing a motion for summary judgment must state specific facts establishing a genuine issue of fact. *Van Cleave,* 97 Nev. at 415, 633 P.2d at 1221. In this case, Michaels sued on the limited partnership agreement that she had signed and has made no valid factual allegation that she was induced by fraud to sign it. Therefore, there was no credible evidence to establish that Michaels believed that the second limited partnership agreement was effective or that it should have been considered by the district court.

This, however, does not end the issue concerning how distribution should be made because the disbursals brought to our attention apparently were made in contravention of the limited

partnership agreement. On one occasion, Pastor as general partner disbursed $140,000 to Kenneth Sudeck so that he could purchase a Ferarri. Pastor explains that this was proper because Sudeck took the money as a distribution, even though a distribution was not necessarily made to Michaels. Pastor states that such distributions were taken when any limited partner desired. "They just took money as it became available." On its face, this distribution procedure does not comport with the language of the limited partnership agreement.

The agreement states that "cash from sales or refinancing shall be distributed . . . to the limited partners in an amount equal to their invested capital until their invested capital has been repaid in full." The signature page of the agreement has a capital contribution column beside the signatures of the limited partners, but only Dove Enterprises, Inc. has any stated capital contribution, this being $1,000. Beside the names of Michaels and Rose and Kenneth Sudeck appears the wording "net equity in property, partnership interest and notes rec." No capital contribution amount is stated for the individual limited partners although the agreement directs that money received from the sale or refinancing of partnership property is to be first used to reimburse the limited partners for their capital contributions.

Since the limited partnership agreement does not state the capital contributions of the limited partners as it should have, it would seem logical to look to the capital contribution account records kept by the general partner. Indeed, the agreement directs the general partner to keep an accurate record of the limited partners' capital contributions. If such records have not been kept, then reference to other evidence could be made to establish the individual limited partners' capital contribution.[1] Michaels contends that there is no evidence in the record to establish if the money distributed was from the sale or refinancing of partnership property, or from other income sources. Her assertion is correct.

Pastor states that the capital contribution amounts are immaterial because the parties agreed prior to executing the limited partnership agreement that all distributions should be made by the percentages stated after their name in the agreement, and reimbursement for capital contributions should be disregarded. This alleged oral understanding directly contradicts the written agreement, which states that distribution of the proceeds from the sale or refinancing of partnership property would be made in

---

[1] In considering the capital contributions made by the limited partners, Michaels' allegation of misrepresentations of the capital accounts may be relevant.

accordance with invested capital, and further, such testimony may well be precluded by the parol evidence rule. The limited partnership agreement states that it "is the entire agreement and that any prior written or oral agreement is replaced in total by this agreement."

The district court did not address the issue specifically of whether the distributions were to be made pursuant to the limited partnership agreement or by some other understanding, nor was a determination made as to the source of the money distributed. The terms of the limited partnership agreement and the distributions that have been brought to our attention create issues of fact that should have precluded the complete granting of summary judgment. Michaels should be permitted to amend her complaint specifically to request such relief and proceed to trial. Such general allegations were made in the proposed amended complaint that was referred to another district court.

Accordingly, we affirm the district court's summary judgment determining that there was no credible evidence to establish coercion or incapacity in executing the limited partnership agreement or that a valid will was improperly destroyed. We remand for further proceedings to address the remaining factual issues set forth in this opinion.[2]

---

[2]The Honorable Thomas L. Steffen, Justice, voluntarily recused himself from participation in the decision of this appeal.