Rolland P. WEDDELL; Kellie Weddell; John Cole, Plaintiffs–Appellants,

v.

The COUNTY OF CARSON CITY; Rod Banister; Noel Waters; Anne Langer; Robey Willis; Ken Sandage; Steve Johnson; Bill Callahan; Fred Schoenfeldt; Ray Saylo; Rod King; John Bustamonte; James Bustamonte, Defendants–Appellees.

No. 01–17127.
D.C. No. CV–99–00553–RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Dec. 4, 2002.

Decided Jan. 16, 2003.

Before COWEN,* HAWKINS and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Rolland P. Weddell, Kellie Weddell, and John Cole appeal from the orders of the District Court and the Magistrate Judge granting summary judgment in favor of the County of Carson City ("Carson City"), Carson City Justice of the Peace Robey Willis, Carson City District Attorney Noel Waters, Carson City Chief Deputy District Attorney Anne Langer, and Carson City Sheriff Rod Banister as well as various deputy sheriffs ("Sheriff Defendants"). Because the parties are familiar with and have thoroughly briefed the facts, we do not recite them here. We affirm.

Plaintiffs challenge the application by the District Court and the Magistrate Judge of the doctrines of qualified immunity, judicial immunity, and prosecutorial immunity. Plaintiffs' immunity arguments, however, are without merit.

■■ Plaintiffs contend that the Sheriff Defendants are not entitled to qualified immunity because they acted with plain incompetence in arresting and prosecuting Rolland Weddell. A court, in applying the qualified immunity doctrine, initially considers "whether [the plaintiff] has stated a prima facie claim that a defendant violated his constitutional rights." *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001) (citing *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)) (em-

phasis omitted), *cert. denied*, 536 U.S. 958, 122 S.Ct. 2661, 153 L.Ed.2d 836 (2002). There was probable cause to arrest and prosecute Rolland Weddell for assault with a deadly weapon and discharging a firearm at another. The Nevada Supreme Court has stated that a private citizen lacks any absolute right to use deadly force to effectuate an arrest and that Rolland Weddell's use of such force was unreasonable absent a threat of serious bodily injury, either to himself or others. *State v. Weddell*, 43 P.3d 987, 992 (Nev.), *cert. denied*, —— U.S. ——, 123 S.Ct. 492, 154 L.Ed.2d 396 (2002). James Bustamonte's denial that he ever reached for or pulled out a knife during the confrontation points to the absence of any threat of serious bodily injury. Rolland Weddell, in his own account of the incident, further indicated that he fired three shots in James Bustamonte's direction before he even saw a knife. Under these circumstances, the Magistrate Judge did not err in finding that plaintiffs have failed to state a prima face claim that the Sheriff Defendants violated Rolland Weddell's federal constitutional rights.

■ A judge is immune from suit unless he or she is acting "in the 'clear absence of all jurisdiction,' or perform[ing] an act that is not 'judicial' in nature." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (citations omitted). Plaintiffs argue that Judge Willis's refusal to allow the filing of Rolland Weddell's criminal complaint and his decision to permit Waters to take this document fell outside the scope of his jurisdiction and did not constitute judicial acts.[1] While his conduct was possibly

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Plaintiffs also challenge the judicial immunity doctrine itself, contending that it should be abolished or significantly altered so that it no longer protects judges from civil or crimi-

inappropriate (which we do not decide), Judge Willis would still be entitled to immunity under this expansive and liberally applied doctrine. *See, e.g., id.* at 1077–78. As a "magistrate," Nev.Rev.Stat. § 169.095, he is authorized to issue an arrest warrant "[i]f it appears from the complaint . . . that there is probable cause to believe that an offense, triable within the county, has been committed and that the defendant has committed it," Nev.Rev. Stat. § 171.106. The conduct occurred in Judge Willis's own chambers. *See Ashelman,* 793 F.2d at 1075 (considering whether "the events occurred in the judge's chambers"). We therefore conclude that the District Court did not err in granting Judge Willis's motion for summary judgment on grounds of judicial immunity.

■ The Magistrate Judge likewise committed no error in finding that Waters and Langer are entitled to prosecutorial immunity. Prosecutorial immunity arises when a prosecutor acts in the traditional role of an advocate. *See, e.g., Cruz v. Kauai County,* 279 F.3d 1064, 1067 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 608, 154 L.Ed.2d 531 (2002). A prosecutor is entitled to immunity for activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). The Magistrate Judge properly concluded that Waters and Langer are immune from liability for such acts as the determination to prosecute Rolland Weddell. Plaintiffs assert that Waters acted outside the scope of his prosecu-

torial duties when he removed the original copy of Rolland Weddell's criminal complaint from the Carson City Justice Court. Although this removal may have been inadvisable, Waters took the criminal complaint only after Judge Willis had concluded that it should not be filed. He then brought this document to Langer for further review. Waters's conduct was sufficiently related to the prosecutorial function to be protected by immunity.

■ Plaintiffs argue that Carson City "has a policy, custom, and/or practice of giving protection to the violent drug-dealers, the Bustamontes, in an effort to 'get' [Rolland] Weddell." Appellants' Br. at 18. Although a municipality may be liable under 42 U.S.C. § 1983, such liability arises in these circumstances only if plaintiffs present evidence that Carson City's failure to act rose to the level of deliberate indifference. *Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1185 (9th Cir.), *petition for cert. filed,* 71 U.S.L.W. 3284 (U.S. Oct. 8, 2002) (No. 02–560). Plaintiffs have failed to satisfy this heightened standard, particularly because they lack the standing to challenge the determination not to arrest and prosecute James and John Bustamonte. The Magistrate Judge did not err in granting summary judgment in favor of the City as to this municipal liability claim.

Plaintiffs finally assert that the Magistrate Judge erroneously granted summary judgment as to the state law claims against the appellee defendants. The appellee defendants are entitled to immunity, at least with respect to the claims based on a

---

nal liability where there is probable cause to believe that the judges have committed crimes. The current doctrine does not immunize judges from criminal liability. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 9 n. 1, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (per curiam). Any abolition or significant alteration of this doctrine would be inappropriate given its repeated application by both the Supreme Court

and the Ninth Circuit. *See, e.g., id.* at 9–13; *Ashelman,* 793 F.2d at 1075–78. The policy objectives behind the doctrine, such as the discouragement of collateral attacks and the promotion of appellate procedures, *Curry v. Castillo (In re Castillo),* 297 F.3d 940, 947 (9th Cir.2002), also weigh against plaintiffs' position.

**12**

theory of negligence. Nevada statutory law provides that no action may be brought against a political subdivision or its officers that is based "upon the exercise or performance or the failure to exercise or perform a discretionary function or duty." Nev.Rev.Stat. § 41.032(2). The alleged acts of misconduct, such as the decision to arrest and prosecute Rolland Weddell, involved the exercise of discretion. *See, e.g., Ortega v. Reyna,* 114 Nev. 55, 953 P.2d 18, 23 (Nev.1998) (finding that trooper engaged in discretionary conduct by stopping plaintiff, concluding that plaintiff had refused to sign traffic citation, and taking her to jail after arrest).

Plaintiffs also do not address the Magistrate Judge's conclusion that the intentional infliction of emotional distress claim must be rejected because of the lack of either extreme and outrageous conduct or severe emotional distress. *See, e.g., Miller v. Jones,* 114 Nev. 1291, 970 P.2d 571, 577 (Nev.1998) (elements of intentional infliction of emotional distress cause of action). Plaintiffs likewise do not contend that the Magistrate Judge erred in granting summary judgment as to the defamation claim against Banister on the grounds that his accusation of bribery was a non-actionable statement of opinion. *See, e.g., Nev. Indep. Broad. Corp. v. Allen,* 99 Nev. 404, 664 P.2d 337, 341–42 (Nev.1983). We therefore conclude that the Magistrate Judge properly disposed of the state law claims.

AFFIRMED.