Jerry W. VLASAK; Pamelyn Vlasak,
Plaintiffs–Appellants,

v.

LAS VEGAS METROPOLITAN PO-
LICE DEPARTMENT; Jack Bran-
don, Officer; Ronald Fox, Officer, De-
fendants–Appellees.

No. 04–17193.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Nov. 29, 2006.

Cal J. Potter, III, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiffs–Appellants.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Stephen L. Morris, Morris Pickering & Sanner, Todd L. Bice, Esq., Schreck Brignone Godfrey, Las Vegas, NV, for Defendants–Appellees.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM *

In this 42 U.S.C. § 1983 action, Dr. Jerry Vlasak and his wife, Pamelyn Vlasak, appeal the district court's grant of summary judgment to all defendants. The district court ruled that the Vlasaks failed to raise any genuine issues of material fact to support their federal and state law claims against Officer Jack Brandon, Officer Ronald Fox, and the Las Vegas Metropolitan Police Department ("LVMPD"), stemming from an incident that occurred at the Monte Carlo Hotel in Las Vegas, Nevada, in March 2001.

I

We review summary judgment de novo, and we may affirm for any reason supported by the record. *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 888 (9th Cir.1994). We also review de novo the district court's qualified immunity determination. *Elder v. Holloway,* 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994). Qualified immunity is appropriate unless the evidence shows that (1) the officers violated the Vlasaks' constitutional rights, and (2) the rights violated were clearly established. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

II

■ Viewing the record in the light most favorable to the Vlasaks, *see Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Cir.2001), we conclude that a genuine issue of material fact exists as to whether Officers Brandon and Fox unlawfully arrested Dr. Vlasak and used excessive force against him in violation of his Fourth Amendment rights.

Whether the officers are entitled to qualified immunity turns on whether and when they identified themselves to Dr. Vlasak as police officers. The officers insist that they identified themselves as soon as they saw Dr. Vlasak approaching them in the hallway. Indeed, they testified at deposition that they repeatedly told Dr. Vlasak they were police officers during the ensuing struggle. Dr. Vlasak recalls no such identification and testified that the officers—in plainclothes and with their badges covered—failed to identify themselves until after they wrestled him to the floor and placed him in handcuffs. Dr. Vlasak's recollection that the officers never identified themselves is supported by the fact that he asked a witness, Dr. Greek, during the struggle to call the police. Accepting factual inferences in the light most favorable to the nonmoving party, Dr. Vlasak has put that material fact in issue. As a result, we conclude that the district court's grant of qualified immunity was improper.

Dr. Vlasak was arrested for "Obstructing a Police Officer" and "Battery on a Police Officer"; however, if the officers failed to identify themselves before Dr. Vlasak made contact with them and he resisted their advances because he truly believed that they were agents of the Stephens Group, then we cannot agree that Dr. Vlasak was "willfully" hindering or using force against a public official to resist a lawful arrest. *See* NEV.REV.STAT. § 197.190; *id.* § 200.481. Should the factfinder credit Dr. Vlasak's version of the arrest, then the officers did not possess "reasonably trustworthy information suffi-

cient to warrant a prudent person in believing that [Dr. Vlasak] had committed or was committing an offense." *United States v. Delgadillo–Velasquez,* 856 F.2d 1292, 1296 (9th Cir.1988). Thus, the officers would not have had probable cause to arrest him, and they would have violated Dr. Vlasak's clearly established federal rights. *See Knox v. Sw. Airlines,* 124 F.3d 1103, 1107 (9th Cir.1997) ("[I]t is clearly established that an arrest without probable cause violates a person's Fourth Amendment rights.").

For the same reason, we must remand on the excessive force claim. Whether Officers Brandon and Fox used excessive force depends on whether they had identified themselves to Dr. Vlasak as police officers. If they had so identified themselves, they properly used reasonable force to subdue a person who had refused to obey a lawful order given by persons known to be police officers. On the other hand, if they had not so identified themselves, they unnecessarily created a situation in which Dr. Vlasak understandably resisted their efforts to subdue him, and in which their use of force was unnecessary and therefore excessive. *See Graham v. Connor,* 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Alexander v. City of S.F.,* 29 F.3d 1355, 1367 (9th Cir.1994) ("[T]he force which was applied must be balanced against the *need* for that force: it is the need for force which is at the heart of the ... *Graham* [test].").

### III

The Vlasaks' remaining claims are unpersuasive, and summary judgment in favor of defendants on each was proper. The Vlasaks' allegation that the officers subjected them to an unlawful search of their hotel room and seizure of their promotional material fails because the officers were entitled to rely on a superior officer's

order stating that consent had been given for a search, *Ramirez v. Butte–Silver Bow County,* 298 F.3d 1022, 1028 (9th Cir.2002), and the Vlasaks point to no facts indicating that either officer ever entered their room.

 In addition, summary judgment was proper on the Vlasaks' First Amendment claim because they have not shown that viewpoint suppression was a "substantial" or "motivating" factor behind the officers' actions. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). The Vlasaks also have not raised a genuine issue of material fact regarding whether the officers exhibited a deliberate indifference to Dr. Vlasak's need for medical attention in violation of the Fourteenth Amendment; indeed, he agrees that his on-scene treatment was "the treatment necessary for his injury." *City of Revere v. Mass. Gen. Hosp.,* 463 U.S. 239, 245, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983).

Because neither Officer Brandon nor Officer Fox had contact with Mrs. Vlasak until she arrived at the hotel room, her claim that the officers conspired to detain her is unsupported by any facts, and summary judgment was proper. Similarly, the record provides no evidence of "the existence of an agreement or meeting of the minds to violate [the Vlasaks'] constitutional rights," *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1301 (9th Cir.1999) (internal quotation marks omitted), and the Vlasaks' separate civil conspiracy claim must fail as well.

Sovereign immunity bars the Vlasaks' state law claims because the officers' acts were discretionary and not compelled by virtue of their employment with LVMPD. *See* Nev.Rev.Stat. §§ 41.031–.032; *Ortega v. Reyna,* 114 Nev. 55, 953 P.2d 18, 23 (1998). With respect to the Vlasaks' municipal liability claim, they point to no official policy employed by LVMPD, and they have not provided any factual support for the contention that LVMPD sanctioned an unlawful "longstanding practice or custom which constitutes ... standard operating procedure." *Gillette v. Delmore,* 979 F.2d 1342, 1346 (9th Cir.1992) (per curiam) (internal quotation marks omitted); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, summary judgment on the municipal liability claim dismissing LVMPD was proper.

IV

Each party shall bear its own fees and costs on this appeal. The result of future proceedings on remand will determine whether the officers have any basis to recover attorneys' fees under 42 U.S.C. § 1988.

**AFFIRMED** in part. **REVERSED AND REMANDED** in part.