**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENTILE GOODMAN, | No. 13-16751 |
| Plaintiff - Appellee, | D.C. No. 2:11-cv-01447-MMD-VCF |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; et al., | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda Du, District Judge, Presiding

Argued and Submitted May 15, 2015
San Francisco, California

Before: N.R. SMITH and OWENS, Circuit Judges, and COLLINS,[**] Chief
District Judge.

Plaintiff-Appellee Chentile Goodman sued Defendants-Appellants Detective

John Segura, Sergeant James Signorello, and the Las Vegas Metropolitan Police

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Raner C. Collins, Chief District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Department after the officers stopped and detained her on suspicion of loitering for the purpose of prostitution. This interlocutory appeal challenges (a) the denial of summary judgment on qualified immunity grounds on Goodman's claims under 42 U.S.C. § 1983, (b) the grant of summary judgment in Goodman's favor on the § 1983 claims, and (c) the denial of summary judgment to the officers and grant of summary judgment to Goodman on the state false imprisonment claim. We have jurisdiction over the federal claims. *Mueller v. Auker*, 576 F.3d 979, 989 (9th Cir. 2009). We affirm in part and reverse in part the district court's order concerning the federal claims, and remand for trial. We dismiss the appeal as to the state law claim.

**1.** On review of cross motions for summary judgment, we must carefully examine the factual record in the light most favorable to the nonmoving party as to each motion. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). Because the facts here are so thoroughly disputed, and the resolution of the federal claims depends entirely on who is believed, summary judgment for either party is inappropriate.

Under the facts as presented by Goodman, the officers are not entitled to qualified immunity. According to Goodman, she was stopped when she was walking through a Las Vegas casino with a friend, on her way to meet her

boyfriend.  She wore conservative clothing, never stopped walking or attempted to engage any other casino patrons, and perfunctorily rebuffed the undercover officers' advances.  Although the officers knew that Goodman's companion was married to a pimp and was independently suspected of prostitution, "mere propinquity to others independently suspected of criminal activity" does not overcome the right to be free from suspicionless detention.  *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).  No particularized facts gave rise to suspicion as to Goodman; she was simply walking with a suspicious person.  No reasonable officer could have believed that every person walking near a suspected prostitute late at night in a Las Vegas casino could lawfully be detained on suspicion of prostitution.

Because the officers are not entitled to summary judgment as to the initial stop, they are not entitled to summary judgment as to the actions following the initial stop: Goodman's continuing detention, the seizure and search of her purse, and the seizure of her cell phone.  Any reasonable officer would have been aware that the warrantless detention, search, and seizure were unreasonable in the absence of reasonable suspicion of criminal activity.  *See Terry v. Ohio*, 392 U.S. 1, 21-22 (1968).  Goodman's testimony suggests that she was subjected to a long and humiliating detention for no reason beyond intimidating her, and that the officers

rifled through her purse without her consent.  We therefore affirm the district court's denial of summary judgment to the officers on all federal claims.

**2.** However, under the facts presented by the officers, a jury could conclude that the officers are entitled to immunity.  The officers remember that Goodman was seen wearing provocative clothing near the casino's elevators, an area known particularly for prostitution activity.  The undercover officers attempted to engage Goodman and her companion, but the women seemed to be in a hurry to leave the casino.  This may indicate that they recognized the officer who had arrested Goodman's companion (whom they knew was married to a well-known Las Vegas pimp) on suspicion of prostitution two nights before.  *See United States v. Thomas*, 211 F.3d 1186, 1190-91 (9th Cir. 2000) ("furtive conduct" may support reasonable suspicion).  A reasonable officer could, under those circumstances, have believed the facts supported a reasonable suspicion that Goodman was loitering for the purposes of prostitution.

After the initial stop, the officers took Goodman's cell phone and led her to the casino security office, where they took her purse.  In the context of a valid investigatory stop in a crowded casino during a large-scale prostitution sting, it was reasonable for officers to take the suspect's cell phone and purse and move to a

private area to facilitate the investigation and insure officer safety.[1] *See United States v. Miles*, 247 F.3d 1009, 1012-13 (9th Cir. 2001) (officers' "legitimate safety concerns" may justify more "intrusive" conduct during an investigatory stop).

Taking the officers' version of events as true, Goodman was held for a short amount of time while the officers questioned her and searched for warrants before she was released to the custody of casino security, who took her picture, gave her a trespassing warning, and escorted her off the property. Although Goodman remembers that she was held for nearly two hours, the officers disagree. While that was happening, the officers were also processing and arresting at least fourteen other suspects. Given that the precise length of the detention is indeterminate at this stage, a reasonable jury could find that the officers "diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant." *United States v. Sharpe*, 470 U.S. 675, 686 (1985). Accordingly, the district court erred in granting summary judgment to Goodman as to the federal claims.

---

[1] The officers testified that prostitutes often use their phones as weapons or to hide weapons. Further, the officers testified that in prostitution stings it is important to seize the suspect's cell phone so that they do not alert their pimp to the presence of the officers. This is important both for the officers' safety and the success of the sting.

13-16751

**3.** Appellants have failed to meet their burden to establish that we may exercise jurisdiction over an interlocutory appeal of a denial of discretionary-function immunity under section 41.032(2) of the Nevada Revised Statutes. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). The few cases Appellants cite that label section 41.032 an immunity from suit, *see Ortega v. Reyna*, 953 P.2d 18, 23 (Nev. 1998); *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1066 (Nev. 2007), are not persuasive because there is no indication that the Nevada Supreme Court sought to distinguish between an immunity from suit and a mere immunity from liability, the denial of which is not amenable to interlocutory review. *See Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011); *see also Martinez v. Maruszczak*, 168 P.3d 720, 722-25 (Nev. 2007) (discussing solely immunity from liability). It appears that section 41.032 provides immunity from liability for the state and its employees for certain discretionary actions, *see Martinez*, 168 P.3d at 722-25, not a "right to avoid trial" altogether, *see Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 875 (1994). Appellants thus have not shown that a denial of immunity under section 41.032 is "effectively unreviewable" on appeal from a final judgment. *See Mohawk Indus., Inc. v.*

13-16751

*Carpenter*, 558 U.S. 100, 106 (2009). The appeal is dismissed as to the state law claims.

The parties shall bear their own respective costs on appeal.

**AFFIRMED** in part, **REVERSED** in part, **DISMISSED** in part, and **REMANDED**.