FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARINO SCAFIDI, *Plaintiff-Appellant*, v. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision on behalf of State of Nevada; FCH1, LLC, DBA Palms Casino Resort; PALMS PLACE, LLC; UNIVERSITY MEDICAL CENTER; D. MCGRATH, LT.; S. COMISKEY, SGT.; K. POOL, DET.; R. BEZA, DET.; A. CHRISTENSEN, DET.; K. GRAMMAS, CSI; JERI DERMANELIAN; FP HOLDINGS, L.P., *Defendants-Appellees.* | No. 18-16229 D.C. No. 2:14-cv-01933-RCJ-GWF OPINION |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted January 22, 2020
San Francisco, California

Filed July 23, 2020

Before:  William A. Fletcher and Ryan D. Nelson, Circuit
Judges, and Donald W. Molloy,[*] District Judge.

Opinion by Judge W. Fletcher

---

## SUMMARY[**]

### Civil Rights

The panel affirmed in part and reversed in part the district court's summary judgment, and remanded, in an action alleging (1) that plaintiff was arrested without probable cause for sexual assault; and (2) that the police defendants (a) misrepresented the results of the alleged victim's sexual assault exam on a warrant affidavit, (b) manipulated the crime scene to make it look like plaintiff had drugged the alleged victim, and (c) falsely accused plaintiff in the police report of having drugged her.

The panel first held that the district court erred by concluding that the probable cause determination made by the Nevada justice of the peace at the preliminary hearing precluded plaintiff from asserting in his federal suit that the defendants lacked probable cause to arrest and detain him. The panel held that plaintiff's allegations that defendants fabricated evidence or undertook other wrongful conduct in

---

[*] The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

bad faith created a triable issue of material fact as to probable cause, pursuant to the Nevada Supreme Court's decision in *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 48–49 (Nev. 2005), *overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008), and this Court's decision in *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004). Accordingly, the panel reversed the district court's order as to plaintiff's claims under 42 U.S.C. § 1983.

Addressing plaintiff's state-law claims, the panel declined to consider, for the first time on appeal, plaintiff's argument that Nev. Rev. Stat. § 41.036(2) is invalid and unenforceable under the Nevada Supreme Court's decision in *Turner v. Staggs*, 510 P.2d 879 (Nev. 1973). The panel therefore affirmed the district court's ruling that plaintiff's state-law claims against the Las Vegas Metropolitan Police Department were barred under § 41.036(2). The panel further held that given the factual disputes, discretionary-act immunity did not bar plaintiff's state-law claims against the individual officers.

---

## COUNSEL

Kirk T. Kennedy (argued), Las Vegas, Nevada; Gary A. Modaferri, Las Vegas, Nevada; for Plaintiff-Appellant.

Craig R. Anderson (argued) and Kathleen A. Wilde, Marquis Aurbach Coffing, Las Vegas, Nevada, for Defendants-Appellees Las Vegas Metropolitan Police Department, Lieutenant McGrath, Sergeant Comiskey, Detectives Pool, Beza, and Christensen, and Crime Scene Analyst Grammas.

Stephen B. Vogel (argued) and Jamie S. Hendrickson, Lewis Brisbois Bisgaard & Smith LLP, Las Vegas, Nevada, for Defendant-Appellee Jeri Dermanelian.

No appearance for Defendants-Appellees FCH1, LLC; Palms Place, LLC; University Medical Center; and FP Holdings, L.P.

## OPINION

W. FLETCHER, Circuit Judge:

Marino Scafidi was criminally charged with three counts of sexual assault under Nevada law. During the proceedings that followed, state courts suppressed evidence seized pursuant to a search warrant, and determined that the police failed to preserve potentially exculpatory evidence. Ultimately, all charges were dismissed pursuant to a motion by the State.

Scafidi subsequently brought a federal civil rights claim and state tort claims against, as relevant here, the Las Vegas Metro Police Department ("LVMPD"), five officers, a crime scene investigator, and the nurse who performed a sexual assault exam on the alleged victim. He contends that the Las Vegas police officers staged an incriminating crime scene photo by moving his sleeping medications from the hotel bathroom drawer into a mint container by his clothes in the bedroom; falsely stated in a warrant application that the alleged victim's sexual assault exam revealed sexual assault when it in fact only revealed sexual intercourse; threatened him for asserting his constitutional rights; and made racially derogatory remarks to him.

The district court granted summary judgment to the defendants on the ground that Scafidi was precluded from relitigating the state justice of the peace's determination at a preliminary hearing that there was probable cause to believe that he had committed a crime. Alternatively, the district court concluded that Scafidi's state claims against the LVMPD were barred because he failed to comply with Nevada's administrative presentment statute, and that the individual officers were entitled to discretionary immunity. Scafidi timely appealed. We affirm the district court's grant of summary judgment to the LVMPD on Scafidi's state-law claims. We reverse and remand on the remaining claims.

## I. Legal Standards

"We review a grant of summary judgment de novo." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id.*; Fed R. Civ. P. 56(a).

When we adjudicate a state-law claim, our task "is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum. In doing so, federal courts are bound by the pronouncements of the state's highest court on applicable state law." *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (internal quotation marks and citations omitted). On issues of state law, we are not bound by a prior opinion of our court where an intervening decision from a state court of last resort has "undercut the theory or reasoning underlying the prior circuit

precedent in such a way that the cases are clearly irreconcilable." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

## II.  Discussion

### A.  Preclusive Effect of Probable Cause Determination at Preliminary Hearing

The district court concluded that the probable cause determination made by the Nevada justice of the peace at the preliminary hearing precluded Scafidi from asserting in his federal suit that the defendants lacked probable cause to arrest and detain him.  In the court's view, the existence of probable cause necessarily meant that Scafidi's federal and state-law causes of action all failed.  Because controlling Nevada state precedent expressly rejects the view that a probable cause determination at a preliminary hearing precludes later relitigation of that question, we reverse.

"[F]ederal courts must 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Rodriguez v. City of San Jose*, 930 F.3d 1123, 1130 (9th Cir. 2019) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)); *see Allen v. McCurry*, 449 U.S. 90, 96 (1980); 28 U.S.C. § 1738.  The preclusive effect of a judgment includes both claim preclusion and issue preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  Issue preclusion, or collateral estoppel, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Rodriguez*, 930 F.3d at 1130 (quoting *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012)).  As long as a

litigant had a full and fair opportunity to litigate the issue, collateral estoppel under 28 U.S.C. § 1738 based on state-court criminal proceedings applies to subsequent civil litigation under 42 U.S.C. § 1983. *See Allen*, 449 U.S. at 101, 104–05.

A panel of this court previously held that under Nevada law, a probable cause determination in a preliminary hearing has preclusive effect in a subsequent suit. *Haupt v. Dillard*, 17 F.3d 285, 288–89 (9th Cir. 1994). Relying on our decision in *Haupt*, the district court concluded that Scafidi was collaterally estopped from relitigating whether there was probable cause for his arrest, detention, and prosecution.

After *Haupt* was decided, but before the district court issued its order, the Nevada Supreme Court recognized that a probable cause determination in a preliminary hearing does not preclude a plaintiff from litigating that issue in a subsequent suit. *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 110 P.3d 30, 48–49 (Nev. 2005), *overruled on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008). Under *Jordan*, the preliminary hearing probable cause determination is only prima facie evidence of probable cause, which can be overcome in a later proceeding with evidence of "false testimony or suppressed facts." *Id*. at 49 & n.65. In *Jordan*, the plaintiff raised a triable issue on the question of probable cause by introducing evidence that the police report was insufficient to justify an arrest, and that the officer had lied in the report and at the probable cause hearing. *See id.* at 38, 47, 49, 52.

The standard articulated in *Jordan* accords with the standard under California law, which we have previously

considered.  In *Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004), we held that under California law, when the plaintiff in the later proceeding alleges "fabricated evidence" or "other wrongful conduct by state or local officials," an earlier determination of probable cause in a California preliminary hearing does not preclude a plaintiff from contesting the issue of probable cause in a later proceeding. *Id.* at 1068.  In so holding, we noted that "in virtually every other jurisdiction, it is a long-standing principle of common law that a decision by a judge or magistrate to hold a defendant to answer after a preliminary hearing constitutes *prima facie*—but not *conclusive*—evidence of probable cause [in a subsequent tort suit]."  *Id.* at 1067; *see also* Restatement (Second) of Torts § 663 (1977); *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 473 (Nev. 1998) (Nevada's issue preclusion test identical to California's).

Here, Scafidi contended in the district court that the police defendants misrepresented the results of the alleged victim's sexual assault exam on a warrant affidavit, manipulated the crime scene to make it look like he had drugged the alleged victim, and falsely accused him in the police report of having drugged her.    Under *Jordan*, Scafidi's allegations of "fabricated evidence, or other wrongful conduct undertaken in bad faith" create a triable issue of material fact as to probable cause. *Jordan*, 110 P.3d at 49 n.65 (2005) (quoting *Awabdy*, 368 F.3d at 1067)).

The  district  court  refused  to  consider  Scafidi's contentions.  Instead, it relied on *Haupt* to determine that Scafidi was precluded as a matter of law from contesting probable cause for both his federal and state-law claims. Because *Jordan*, not *Haupt*, controls this appeal, we reverse

the district court's order as to Scafidi's claims under § 1983. *See Gammie*, 335 F.3d at 900.

## B.  State-Law Claims

The district court granted summary judgment on the state-law claims on two alternative grounds.  Therefore, our decision under *Jordan* that the probable cause determination at the preliminary hearing is not preclusive does not automatically result in reversal as to those claims.  For the reasons that follow, we affirm the district court's holding as to the LVMPD.  We reverse the district court's holdings as to the remaining defendants.

### 1.  Nevada's Administrative Claim Statute

Scafidi argues that Nev. Rev. Stat. § 41.036(2) is invalid and unenforceable under the Nevada Supreme Court's decision in *Turner v. Staggs*, 510 P.2d 879 (Nev. 1973). However, he did not present this argument to the district court.  "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so."  *Baccei v. United States*, 632 F.3d 1140, 1149 (9th Cir. 2011).  This case does not present exceptional circumstances and we decline to exercise our discretion to consider his argument under *Turner*.  We therefore affirm the district court's ruling that Scafidi's state-law claims against the LVMPD are barred under § 41.036(2).

### 2.  Discretionary-Act Immunity

The claim statute bars claims against "political subdivision[s] of the State" only.  *See* Nev. Rev. Stat.

§ 41.036(2). It does not bar Scafidi's claims against the individual defendants, who do not offer any reason why the administrative claim statute applies to claims against defendants sued in their individual capacity. *Cf. Cavalieri v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-00351-ECR, 2012 WL 846466, at \*5 (D. Nev. Mar. 13, 2012). The district court concluded that the officers sued in their individual capacity were shielded by Nevada's discretionary-act immunity.

Nevada discretionary-act immunity bars actions under state law against employees of political subdivisions of the state that are "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032.

A police officer's decision to arrest and detain is a discretionary act generally covered by § 41.032. *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002) (citing *Ortega v. Reyna*, 953 P.2d 18, 18 (Nev. 1998)); *see also Gonzalez v. Las Vegas Metro. Police Dep't*, No. 61120, 2013 WL 7158415, at \*3 (Nev. Nov. 21, 2013) (unpublished); *Fox v. State ex rel. its Dep't of Corr.*, 373 P.3d 915 (Nev. 2011) (table).

However, discretionary-act immunity does not apply to bad-faith conduct. *See Falline v. GNLV Corp.*, 823 P.2d 888, 891 (Nev. 1991). "[Nevada Revised Statute] § 41.032 does not protect a government employee for intentional torts or bad-faith misconduct, as such misconduct, 'by definition, [cannot] be within the actor's discretion.'" *Franchise Tax Bd. of California v. Hyatt*, 407 P.3d 717, 733 (Nev. 2017) (alteration in original) (quoting *Falline*, 823 P.2d at 891–92),

*rev'd on other grounds*, 139 S. Ct. 1485 (2019). "[W]here an officer arrests a citizen in an abusive manner not as the result of the exercise of poor judgment as to the force required to make an arrest, but instead because of hostility toward a suspect or a particular class of suspects . . . or because of a willful or deliberate disregard for the rights of a particular citizen or citizens, the officer's actions are the result of bad faith and he is not immune from suit." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1060 (9th Cir. 2007) (citing *Falline*, 823 P.2d at 892 n.3).

The district court concluded that there was no "evidence that would permit a jury to find that [the LVMPD] acted with malice in investigating and prosecuting Plaintiff, even if their evidence collection and preservation might be described as incomplete." In so doing, the district court ignored evidence of bad-faith misconduct in the record. If credited, Scafidi's affidavit establishes several acts of affirmative misconduct that could cause a reasonable juror to conclude that the police defendants acted in bad faith. According to Scafidi, police defendants staged an incriminating crime-scene photograph; misrepresented the results of the alleged victim's sexual assault exam in a warrant affidavit; threatened Scafidi with extrajudicial violence in retaliation for asserting his constitutional rights; and made racially derogatory remarks about Scafidi.

In their motion for summary judgment, the police defendants did not offer any evidence that negated the evidence in Scafidi's sworn statement. Because Scafidi's statements create a genuine dispute on the issue of bad faith, the district court erred in determining on summary judgment that discretionary-act immunity applied.

Conclusion

We do not, of course, rule on the truth of Scafidi's evidence. We decide only that the justice of the peace's probable cause determination at the preliminary hearing does not, as a matter of law, preclude him from litigating his federal or state-law claims; and that, given the factual disputes, discretionary-act immunity does nor bar his state-law claims against the individual officers. On those claims, we reverse and remand for further proceedings consistent with this opinion. We affirm, however, the district court's grant of summary judgment to the LVMPD on Scafidi's state-law claims.

Each side shall bear its own costs.

**AFFIRMED in part; REVERSED in part; REMANDED**.